[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14278
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20441-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORLANDO BUSTABAD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 15, 2019)

Before ED CARNES, Chief Judge, TJOFLAT, and JORDAN, Circuit Judges.

PER CURIAM:

Orlando Bustabad pleaded guilty pursuant to a written agreement to one count of conspiracy to commit healthcare fraud and wire fraud. Before his scheduled sentence hearing, he fled to Mexico. He remained at large for eight months, at which point he surrendered to U.S. Customs and Border Patrol agents. Because of his flight, the district court at his rescheduled sentence hearing imposed a guidelines enhancement for obstruction of justice under section 3C1.1 of the United States Sentencing Guidelines and denied a reduction for acceptance of responsibility under section 3E1.1. The resulting guidelines range was 235 to 240 months imprisonment, and the court sentenced Bustabad to the bottom of that range. This is his appeal.

Bustabad challenges both the procedural and the substantive reasonableness of his 235-month sentence. "We review the reasonableness of a sentence for abuse of discretion using a two-step process." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). "We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances." Id.

The only procedural error Bustabad alleges is that the district court did not apply the acceptance of responsibility reduction when calculating the guidelines range. "We review the district court's determination of acceptance of responsibility only for clear error." United States v. Amedeo, 370 F.3d 1305, 1320

2

(11th Cir. 2004). "A district court's determination that a defendant is not entitled to acceptance of responsibility will not be set aside unless the facts in the record clearly establish that a defendant has accepted personal responsibility." Id. at 1320–21 (quotation marks omitted); see U.S.S.G. § 3E1.1 cmt. n.5 ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.").

Bustabad does not contest the district court's application of the obstruction of justice enhancement, and the commentary to the guidelines notes that conduct resulting in such an enhancement "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," U.S.S.G. § 3E1.1 cmt. n.4. But the commentary suggests that "[t]here may . . . be extraordinary cases in which" both the obstruction of justice enhancement and the acceptance of responsibility reduction may apply. Id. Bustabad argues that his is such an extraordinary case because even though he fled the country before his first sentence hearing, he eventually surrendered voluntarily in order to help his son, who had been convicted as one of Bustabad's co-conspirators.

We disagree. Bustabad admitted that he fled the country for eight months to avoid his sentence — conduct that is plainly "inconsistent with [an] acceptance of responsibility," U.S.S.G. § 3E1.1 cmt. n.3. That he eventually returned to face his

3

sentence (whether to help his son or, as the district court found, for some other reason) does not make his case sufficiently extraordinary for him to receive the acceptance of responsibility reduction in spite of his obstruction of justice.[1]  In short, the district court did not clearly err by refusing to apply the acceptance of responsibility reduction.

Bustabad also contends that his bottom of the guidelines sentence is substantively unreasonable.  "We ordinarily expect a sentence within the Guidelines range to be reasonable . . . ."  United States v. White, 663 F.3d 1207, 1217 (11th Cir. 2011) (quotation marks omitted).  As "[t]he party challenging the sentence," Bustabad "bears the burden to show it is unreasonable in light of the record and the [18 U.S.C.] § 3553(a) factors."  Tome, 611 F.3d at 1378.  We will vacate a sentence as substantively unreasonable "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

---

[1] Bustabad also argues that the district court "was under the mistaken impression that Bustabad's flight prior to sentencing automatically disqualified him for the [acceptance of responsibility] reduction."  But the district court acknowledged that Bustabad could be eligible for the acceptance of responsibility reduction in an "extraordinary circumstance," as contemplated by the commentary to the guidelines.

4

Bustabad argues that the district court gave undue weight to his post-flight guidelines range and not enough weight to mitigating factors like his age and health.[2]  But "[t]he weight to be accorded any given § 3553(a) factor" — such as the applicable guidelines range, 18 U.S.C. § 3553(a)(4)(A), and "the history and characteristics of the defendant," id. § 3553(a)(1) — "is a matter committed to the sound discretion of the district court."  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).  Bustabad has failed to show that the district court abused that discretion.

Lastly, Bustabad argues that there is an unwarranted disparity between his sentence and his son's sentence.  He asserts that "[t]he only difference in their circumstances at the time of their sentencing was Bustabad's flight."  It is not, however, substantively unreasonable for such a difference to result in the sentencing disparity about which he now complains.  See United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009) ("A well-founded claim of disparity . . . assumes that apples are being compared to apples.") (quotation marks omitted).

**AFFIRMED.**

---

[2] The court explicitly addressed Bustabad's age and health, noting that Bustabad "should have thought about those things before he engaged in that criminal conduct."

5